UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN MAYHEW,<br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  13-cv-04521-BLF<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

Plaintiff John Mayhew filed the complaint in this action on September 30, 2013, seeking judicial review of an adverse decision of Defendant Carolyn Colvin, Acting Commissioner of Social Security. Compl., ECF No. 1. On the same date, the Court filed a Social Security Procedural Order directing Plaintiff to file a motion for summary judgment or for remand within twenty-eight days of service of Defendant's answer. Proc. Order, ECF No. 3. Defendant filed her answer on March 3, 2014. Answer, ECF No. 10. Plaintiff did not file a motion within twenty-eight days thereafter and still has not filed a motion.

The case was reassigned to the undersigned judge on April 17, 2014. After reviewing the docket, the Court has concluded that it is unclear whether Plaintiff was served with the Social Security Procedural Order or the answer. Because Plaintiff is proceeding *pro se* and has not been granted permission to become an ECF user in this case, Plaintiff must be served manually with copies of all electronically filed documents. *See* Civ. L.R. 5-1(b). It is the practice of the Clerk's Office to provide a copy of the applicable scheduling order to a *pro se* plaintiff at the time the complaint is filed; however, the docket does not contain any affirmative indication that the Clerk's Office provided Plaintiff with a copy of the Social Security Procedural Order in this case. Nor does the docket contain a certificate of service showing that Defendant manually served the

answer upon Plaintiff.  *See* Civ. L.R. 5-5(a) (requiring a certificate of service with respect to all documents that are not served by ECF).

In light of the uncertainty with respect to Plaintiff's notice of his obligations in this case, the Court hereby sets the following schedule:

(1) On or before May 2, 2014, the Clerk shall serve Plaintiff by mail with both this order and the Social Security Scheduling Order and shall file a certificate attesting to such service;

(2) On or before May 7, 2014, Defendant shall serve Plaintiff by mail with the answer and shall file a certificate attesting to such service;

(3) The twenty-eight day time period within which Plaintiff must file a motion for summary judgment or for remand shall run from the date the answer is served pursuant to (2), above.

**IT IS SO ORDERED.**

Dated:  May 2, 2014

_____
BETH LABSON FREEMAN
United States District Judge

2