**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN MAYHEW,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.  13-cv-04521-BLF<br><br>**ORDER TERMINATING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DIRECTING THE CLERK TO FILE THE PROPOSED AMENDED COMPLAINT; DIRECTING DEFENDANT TO ANSWER THE AMENDED COMPLAINT; SETTING A BRIEFING SCHEDULE FOR THE FILING OF CROSS-MOTIONS FOR SUMMARY JUDGMENT; AND TERMINATING AS MOOT PLAINTIFF'S RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>[Re:  ECF 15, 16, 17] |

This order addresses several documents filed by Plaintiff and modifies the case schedule.

**I.      ADMINISTRATIVE PROCEEDINGS**

This action arises out of the Commissioner's decision that Plaintiff John Mayhew was overpaid benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et. seq.*  The Social Security Administration initially determined that Plaintiff had been overpaid in the amount of $16,004.40.  (Administrative Record ("AR") 10)  The overpayments resulted from Plaintiff's receipt of benefits for months in which he was incarcerated for all or part of the month.  (AR 11)  The Code of Federal Regulations provides that, "No monthly benefits will be paid to any

1    individual for any month any part of which the individual is confined in a jail, prison, or other

2    penal institution or correctional facility for conviction of a felony." 20 C.F.R. § 404.468(a).

3          Plaintiff requested and was granted a hearing before an Administrative Law Judge

4    ("ALJ"). (AR 10) Following the hearing, the ALJ issued a written decision concluding that

5    Plaintiff was overpaid benefits because he received benefits for certain months in which he was

6    incarcerated. (AR 11) However, the ALJ found that Plaintiff was overpaid in the amount of

7    $8,599.80 instead of the $16,004.40 claimed by the Social Security Administration. (AR 13) The

8    ALJ determined that Plaintiff did not have to repay $2,140 of that amount because the

9    corresponding checks were received by someone other than Plaintiff and cashed by means of

10   forgery. (AR 14) The ALJ concluded that Plaintiff had to repay a total of $6,459.80. (*Id.*) The

11   ALJ found that recovery of the overpayment could not be waived because Plaintiff was not

12   without fault in causing the overpayment. (*Id.*) The Appeals Council denied Plaintiff's request

13   for review, rendering the ALJ's decision the final decision of the Commissioner. (AR 4)

## II. THIS ACTION

15         Plaintiff filed the complaint in this action on September 30, 2013, seeking judicial review

16   of the Commissioner's decision. Defendant Commissioner answered on March 3, 2014. Under

17   the Procedural Order for Social Security Review Actions governing this case, the next step is for

18   Plaintiff to file a motion for summary judgment or for remand. (Soc. Sec. Proc. Order, ECF 3)

19   Plaintiff was directed to file such motion within twenty-eight days after Defendant Commissioner

20   served the answer on Plaintiff. (*Id.*) Defendant served the answer on May 7, 2014 (Certificate of

21   Service, ECF 14), making Plaintiff's motion for summary judgment due on June 4, 2014.

### A. Plaintiff's Motion for Summary Judgment

23         On June 2, 2014, Plaintiff filed a document that does not bear a caption or other title,

24   setting forth facts related to his periods of incarceration and the overpayments by the Social

25   Security Administration; the Clerk docketed this document as a "Letter from John Mayhew."

26   (Letter, ECF 15) On the same date, Plaintiff filed a Proof of Service stating that he mailed

27   "Plaintiff's Motion for Summary Judgment Letter" to defense counsel. (POS, ECF 18). Thus it

28   appears that Plaintiff intended the uncaptioned and untitled document filed as ECF 15 to be his

United States District Court
Northern District of California

motion for summary judgment.

For the reasons discussed below, the motion is TERMINATED AS MOOT, and Plaintiff is granted leave to file a renewed motion for summary judgment or for remand. The Court directs Plaintiff to caption or title his renewed motion so that it is clear to the Court and to Defendant that it is the motion.

The Court also encourages Plaintiff to re-read the written decision of the Administrative Law Judge, which finds that Plaintiff must repay *a total $6,459.80*. (AR 14) This amount is significantly less than the original amount sought by the Social Security Administration. (AR 10) The Court notes that Plaintiff's motion for summary judgment filed June 2, 2014 suggests that Plaintiff may not understand that his repayment obligation has been reduced to $6,459.80. If Plaintiff believes that the ALJ erred in finding that he must repay this amount, any renewed motion for summary judgment must explain exactly *why* the ALJ's written decision is not supported by substantial evidence or is based upon the application of improper legal standards. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1222 n.2 (9th Cir. 2010). Similarly, any motion for remand must explain exactly *why* the case should be sent back to the Social Security Administration, for example, because there are "sufficient unanswered questions in the record" to warrant further administrative proceedings. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). Simply describing events that predate the ALJ's decision is insufficient to obtain relief from this Court.

### B. Plaintiff's Amended Complaint

On June 2, 2014 – the same date upon which he submitted the motion for summary judgment – Plaintiff submitted a document titled "Ammending [sic] Complaint For Judicial Review of Decision of Commissioner of Social Security." (Prop. Am'd Compl., ECF 16) This proposed amended complaint was stamped "Received" by the Clerk's Office, but it was not filed. Both the original complaint and the proposed amended complaint allege generally that Plaintiff seeks review of an adverse decision of the Commissioner and that administrative remedies have been exhausted. The proposed amended complaint adds an allegation that "The wage-earner I draw SSA on was my Dad Harry A. Mayhew," and a request that the Commissioner "Stop of [sic]

3

1  all garnishment on SSA checks and possible repay of all garnished money." (Prop. Am'd Compl.
2  at 2)
3        A plaintiff is entitled to amend the complaint once as a matter of course within twenty-one
4  days after service of the answer. *See* Fed. R. Civ. P. 15(a)(1)(B). Defendant served the answer on
5  May 7, 2014. (Certificate of Service, ECF 14) Thus Plaintiff was entitled to amend as a matter of
6  course within twenty-one days thereafter, extended by an additional three days because Defendant
7  served the answer by mail, *see* Fed. R. Civ. P. 6(d), or by May 31, 2014. Because May 31, 2014
8  fell on a Saturday, the deadline for amending as a matter of course was extended to the following
9  Monday, June 2, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C). Plaintiff submitted the proposed amended
10 complaint on June 2, 2014. Accordingly, THE CLERK SHALL FILE THE AMENDED
11 COMPLAINT. Because the amended complaint is timely, it supersedes the original complaint
12 and renders moot Plaintiff's motion for summary judgment with respect to the original complaint.

### C    Plaintiff's Application to Proceed *In Forma Pauperis*

14       In conjunction with the motion for summary judgment and the proposed amended
15 complaint, Plaintiff also filed an application to proceed *in forma pauperis*. (Applic., ECF 17) The
16 Court already has granted Plaintiff *in forma pauperis* status in this action. (*See* Order Granting
17 Mot. for Leave to Proceed IFP, ECF 4) Accordingly, his renewed application is TERMINATED
18 AS MOOT.

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for summary judgment filed June 2, 2014 is terminated as moot;

(2) the Clerk shall file Plaintiff's proposed amended complaint;

(3) Defendant shall answer the amended complaint within twenty-one days after it is filed;

(4) Plaintiff shall file a motion for summary judgment within twenty-eight days after service of Defendant's answer;

(5) Defendant shall file any opposition and/or cross-motion within twenty-eight days after service of Plaintiff's motion;

(6) Plaintiff may file a reply within fourteen days after service of Defendant's opposition and/or cross-motion;

(7) The matter thereafter will be submitted without oral argument; and

(8) Plaintiff's renewed application to proceed *in forma pauperis* is terminated as moot.

Dated: July 18, 2014

_____
BETH LABSON FREEMAN
United States District Judge